[This opinion has been published in *Ohio Official Reports* at 75 Ohio St.3d 397.]

**OFFICE OF DISCIPLINARY COUNSEL *v*. KAY.**

**[Cite as *Disciplinary Counsel v. Kay*, 1996-Ohio-216.]**

*Attorneys at law—Misconduct—Public reprimand—Neglecting an entrusted legal matter—Engaging in conduct involving fraud, deceit, dishonesty, or misrepresentation—Conduct adversely reflecting on fitness to practice law.*

(No. 95-2129—Submitted January 24, 1996—Decided April 10, 1996.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 94-76.

―――――――――――――

{¶ 1} In a complaint filed December 5, 1994, relator, Office of Disciplinary Counsel, charged respondent, Abraham Fred Kay of Cleveland, Ohio, Attorney Registration No. 0010686, in two counts with violating DR 6-101(A)(3) (neglecting a legal matter entrusted); 1-102(A)(4) (engaging in conduct involving fraud, deceit, dishonesty, or misrepresentation); 1-102(A)(6) (conduct that adversely reflects on fitness to practice law); and Gov.Bar R. V(4)(G) (failure to cooperate in investigation of alleged misconduct). Respondent filed an answer admitting many of the allegations of the complaint, but denying any violation of the Disciplinary Rules.

{¶ 2} The matter was heard by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") on August 25, 1995, upon agreed stipulations of fact and other evidence.

{¶ 3} As to Count I, respondent was retained by John Morgan to represent him in a case arising out of a "slip and fall" which occurred on March 20, 1988. Morgan allegedly slipped and fell on the ice at Granada Apartments, broke his ankle, and thereafter incurred approximately $12,000 in medical bills. Respondent

attempted a negotiated settlement with the insurer of Granada Apartments. While the insurer believed its client was not liable, it nevertheless offered respondent a $1,000 settlement, which was rejected by Morgan.

{¶ 4} On August 15, 1989, respondent filed an action on behalf of Morgan against J&E Management ("J&E"), the managers of the Granada Apartments, requesting $25,000 in damages. J&E filed a motion for summary judgment on April 20, 1990, and on May 3, 1990, respondent filed a stipulation for leave to plead. On May 8, 1990, respondent was granted a thirty-day extension to plead.

{¶ 5} On July 9, 1990, the trial court granted J&E's motion for summary judgment. The court noted that no brief in opposition had been filed on Morgan's behalf. Respondent did tell Morgan that summary judgment had been granted in favor of J&E, but on at least one occasion, respondent told Morgan that he had filed a Civ.R. 60(B) motion and that the case was still pending. Respondent failed to respond to Morgan's inquiries about the status of the case and acknowledged that out of approximately one hundred phone calls Morgan made to him, he probably accepted only around ten. Morgan testified that respondent never returned any of his phone calls.

{¶ 6} Respondent admitted that he was not forthcoming with his client, and conceded that he should have told Morgan that the chances were very slim that the Civ.R. 60(B) motion would be granted.

{¶ 7} Subsequently, respondent discovered that the Civ.R. 60(B) motion had not been filed on Morgan's behalf, but never revealed this information to his client. Morgan, upon visiting the courthouse, discovered that his lawsuit had been dismissed because respondent had failed to respond to the motion for summary judgment. Respondent admitted that for over two years he knew Morgan's case had been dismissed, but he never conveyed that information to Morgan.

{¶ 8} In Count II, the complaint alleged that respondent did not cooperate with the Cuyahoga County Bar Association in its investigation of the matter.

**{¶ 9}** The panel found in relevant part:

"a. A majority of the panel felt Mr. Kay's actions in this particular case constituted more than just negligence and Mr. Kay did misrepresent to his client the status of the case when, in fact, he should have been more forthright and advise his client of the mistake and indicate to his client the client may wish to contact another attorney to discuss the possibility of a malpractice action against Mr. Kay for Mr. Kay's dereliction of duty.

"b. Therefore, the Respondent's conduct violated DR 6-101(A)(3) *** DR 1-102(A)(4) *** and DR 1-102(A)(6) ***[.]

"c. The entire panel felt the Relator failed to show by clear and convincing evidence that the Respondent deliberately attempted to avoid the inquiry of the Cuyahoga County Bar Association. The record indicates, Mr. Kay may have been a little slow in responding to the inquiry, but once contact was made with the Cuyahoga County Bar Association by Mr. Kay, he was open and forthright with them about the incident. The Respondent's conduct, therefore, did not violate Gov.Bar Rule V(4)(G), (duty to assist in disciplinary investigations)."

**{¶ 10}** The panel further found that respondent's misconduct amounted to an isolated incident in his practice of law, and recommended that respondent be publicly reprimanded. A dissenting member of the panel was of the opinion that, while respondent may have been guilty of malpractice, he did not violate any of the Disciplinary Rules.

**{¶ 11}** The board adopted the panel's report, including the majority's findings of fact, conclusions of law and recommendation, and further recommended that the costs of the proceedings be taxed to the respondent.

---

*Geoffrey Stern*, Disciplinary Counsel, and *Lori J. Brown*, Assistant Disciplinary Counsel, for relator.

*Abraham Fred Kay*, *pro se*.

————————————

***Per Curiam*.**

{¶ 12} This court agrees with the findings and recommendations of the board. Respondent is hereby publicly reprimanded. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, YOUNG, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

WILLIAM W. YOUNG, J., of the Twelfth Appellate District, sitting for WRIGHT, J.

————————————